```
 1

 2           IN THE UNITED STATES DISTRICT COURT FOR THE
                    WESTERN DISTRICT OF MISSOURI
 3                      SOUTHWESTERN DIVISION

 4  UNITED STATES OF AMERICA,    ) Case No. 14-05019-01-CR-SW-BP
                                 )
 5           Plaintiff,          ) Springfield, Missouri
                                 ) October 5, 2015
 6  v.                           )
                                 )
 7  JOHN MARK REIDLE,            )
                                 )
 8           Defendant.          )
    _____)
 9
             TRANSCRIPT OF HEARING ON CHANGE OF PLEA
10            BEFORE THE HONORABLE DAVID P. RUSH
                UNITED STATES MAGISTRATE JUDGE
11
    APPEARANCES:
12
    For the Plaintiff:          James J. Kelleher, Esq.
13                              Assistant United States Attorney
                                901 St. Louis St., Ste. 500
14                              Springfield, MO  65806
                                (417) 831-4406
15
    For the Defendant:          Celeste K. Johns, Esq.
16                              901 St. Louis St., Ste. 107
                                Springfield, MO  65806
17                              (417) 864-7400

18  Court Audio Operator:       Ms. Karen Siegert

19  Transcribed by:             Rapid Transcript
                                Lissa C. Whittaker
20                              1001 West 65th Street
                                Kansas City, MO  64113
21                              (816) 914-3613

22

23

24
    Proceedings recorded by electronic sound recording, transcript
25  produced by transcription service.
```

1    (Court in Session at 2:29 p.m.)
2        THE COURT:  Calling in *United States vs. John -- Reidle?*
3        MS. JOHNS:  Reidle.
4        THE COURT:  Reidle?
5        MS. JOHNS:  Uh-huh.
6        THE COURT:  All right.  The defendant appears in person,
7    along with his attorney, Ms. Celeste Johns.  The United States
8    appears by Assistant United States Attorney, Mr. Jim Kelleher.
9    Mr. Reidle, you have signed a consent to have these proceedings
10   for a plea of guilty before a Magistrate Judge, with the
11   understanding that a United States District Judge, a judge of
12   higher jurisdiction, will keep your case for acceptance of the
13   plea of guilty and sentencing.  Even though you signed this
14   consent, you have a right, if you wish, to appear before a United
15   States District Judge, a judge of higher jurisdiction, for these
16   proceedings.  At any appearance before the District Judge, you're
17   presumed innocent until such time, if ever, as the Government
18   proves your guilt beyond a reasonable doubt to the satisfaction
19   of the judge or jury.  You always have a right to confront and
20   cross-examine witnesses.  You have a right to use the power of
21   the court to subpoena evidence on your behalf.  And you have a
22   right to testify or not testify as you would choose.  And if you
23   chose not to testify, that would not be held against you as that
24   is your right.  If, after understanding the charge against you,
25   the range of punishment, if convicted, and your right to appear

before a District Judge, if you wish, you may waive or give up that right and proceed this afternoon before the Magistrate Judge. As I indicated, you have signed such a consent. Do you understand, sir, that you have a right to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings?

MR. REIDLE: Yes.

THE COURT: And is it your desire give up that right and proceed this afternoon before the Magistrate Judge?

MR. REIDLE: Yes.

THE COURT: And, Mr. Reidle, at any time during this proceeding, if you don't understand something, you need to please let your attorney know or please let the Court know that you need to have me repeat something or to make it more clear. Because I want to make sure that you understand what the Court is asking you as we go throughout this plea.

MR. REIDLE: Yes.

THE COURT: All right. Do you understand the charge against you in the Indictment in this case?

MR. REIDLE: Yes.

THE COURT: And do you understand that if convicted of the charge in the Indictment, that the maximum penalty the court may impose is not more than ten years imprisonment, not more than a $250,000 fine, not more than three years supervised release and a $100 mandatory special assessment? Do you understand that?

4

MR. REIDLE: Yes.

THE COURT: And to the charge in the Indictment, how do you wish to plead, guilty or not guilty?

MR. REIDLE: Guilty.

THE COURT: Would you please raise your right hand?

JOHN MARK REIDLE, DEFENDANT, SWORN

THE COURT: Has anyone made any threat of any kind to force you to plead guilty or give up any of the other rights that we've discussed this afternoon?

MR. REIDLE: No.

THE COURT: Now, you've signed a Plea Agreement. Have you read that and gone over it with your attorney?

MR. REIDLE: Yes.

THE COURT: Do you understand what's in it?

MR. REIDLE: Yes.

THE COURT: Other than what is contained in the Plea Agreement, has anyone made any promise of any kind to induce you or overcome your will to get you to plead guilty or give up any of the other rights we've discussed?

MR. REIDLE: No.

THE COURT: Now, I mentioned to you that there was a supervised release term of not more than three years that could be imposed in your case. Do you understand that if that term were imposed and then revoked for any reason, that you could be required to serve an additional term of imprisonment of not more

1  than two years, and if that happened, you would receive no credit
2  for any other time you'd spent either in custody or on release?
3          MR. REIDLE:  Yes.
4          THE COURT:  And do you understand that the court could
5  impose an additional term of supervised release, which is
6  governed by the maximum of the statute, minus any time you'd
7  spent in custody as a result of a violation?  Do you understand
8  that?
9          MR. REIDLE:  Yes.
10         THE COURT:  Now, Mr. Reidle, do you understand that from
11 a sentence imposed in your case, that there is no parole?  Do you
12 understand that?
13         MR. REIDLE:  Yes.
14         THE COURT:  And do you understand that there are
15 Sentencing Guidelines to which the court would refer in an
16 advisory capacity when attempting to fashion a reasonable
17 sentence in your case?
18         MR. REIDLE:  Yes.
19         THE COURT:  Now, there are guideline calculations in
20 your Plea Agreement.  I believe most likely they're in Paragraph
21 10.  I want to confirm that.  Yeah.  They're set forth in
22 Paragraph 10 specifically.  Have you discussed the guidelines
23 with your attorney?
24         MR. REIDLE:  Yes.
25         THE COURT:  And do you understand them?

 MR. REIDLE: Yes.

 THE COURT: Do you understand that the final decision as to how the guidelines are calculated and ultimately what sentence will be imposed rests with the District Judge?

 MR. REIDLE: Yes.

 THE COURT: If the District Judge would calculate the guidelines differently from what is in the Plea Agreement, from what you've discussed with your attorney, that fact would not give you the right to withdraw or change your plea of guilty. Do you understand that?

 MR. REIDLE: Yes.

 THE COURT: Once the judge establishes the guideline range, in some circumstances, you could be sentenced above that range, and in other circumstances, below that range. And again, the judge's decision, if you disagreed, would not give you the right to withdraw your plea of guilty. Do you understand that?

 MR. REIDLE: Yes.

 THE COURT: Now, Mr. Reidle, you have a right to a trial by jury with all the protections that I explained to you at the beginning of these proceedings. Do you understand your right to a trial by jury?

 MR. REIDLE: Yes.

 THE COURT: And do you understand that, if the court accepts your plea of guilty, that there won't be a trial?

 MR. REIDLE: Yes.

```
 1            THE COURT:  Now, I'm going to ask you about the offense
 2   charged in the Indictment.  I would remind you that you are under
 3   oath.  You must answer truthfully.  Any false answers could
 4   result in charges of false swearing or perjury.  And I want to
 5   refer you to your Plea Bargain Agreement, specifically on page 2,
 6   Paragraph 3 or Section 3, which is entitled "Factual Basis for
 7   Guilty Plea."  And then it continues throughout the remainder of
 8   page 2 and on to a portion of page 3.  Have you read that section
 9   and gone over it with Ms. Johns?
10            MR. REIDLE:  Yes.
11            THE COURT:  And are the statements contained in Section
12   3 true?
13            MR. REIDLE:  Yes.
14            THE COURT:  Ms. Johns, you've had access to the
15   Government's discovery file in this case, have you not?
16            MS. JOHNS:  Yes, sir.
17            THE COURT:  And based upon your review, are you
18   satisfied, if put to proof, that the United States could make a
19   submissible case on all of the elements as to the Indictment, as
20   set out in Section 3?
21            MS. JOHNS:  Yes, sir.
22            THE COURT:  There is an adequate factual basis for the
23   plea of guilty to the Indictment.  I find that the plea is
24   voluntary and did not result from force, threats or promises,
25   other than those in the Plea Agreement.  Now, Mr. Reidle, you are
```

```
 1  represented in this case by Ms. Johns.  Have you had enough time
 2  to talk with her about your case?
 3          MR. REIDLE:  Yes.
 4          THE COURT:  And are you satisfied with the advice that
 5  she's given you?
 6          MR. REIDLE:  Yes.
 7          THE COURT:  Now, the law requires me to ask you if this
 8  afternoon you are on medication prescribed by a physician or any
 9  drugs or alcohol of any kind which would affect your ability to
10  understand these proceedings?
11          MR. REIDLE:  No.
12          THE COURT:  Now, the Plea Bargain Agreement that you've
13  signed also has what we refer to as an Appeal Waiver.  It is set
14  forth in Paragraph 15, on pages 10 and 11.  And I'm going to ask
15  you and recite what is set forth in that section.  And that
16  section provides that you acknowledge, understand and agree that
17  by pleading guilty pursuant to the Plea Agreement, that you waive
18  your right to appeal now or collaterally attack later a finding
19  of guilt following the acceptance of the Plea Agreement except on
20  grounds of prosecutorial misconduct or ineffective assistance of
21  counsel.  That you expressly waive your right to appeal your
22  sentence directly now on any ground, except claims of ineffective
23  assistance of counsel, prosecutorial misconduct or an illegal
24  sentence.  An illegal sentence includes a sentence imposed in
25  excess of the statutory maximum but does not include less serious
```

1  sentencing errors, such as a misapplication of the Sentencing
2  Guidelines, an abuse of discretion or the imposition of an
3  unreasonable sentence.  However, if the Government exercised its
4  right to appeal, you would be released from the Appeal Waiver and
5  could appeal as allowed by law.  Do you understand that by
6  signing this Plea Agreement that you've given up those rights to
7  appeal?
8         MR. REIDLE:  Yes.
9         THE COURT:  Understanding that and the other matters
10 that we've discussed this afternoon, is it your desire for the
11 court to accept the plea of guilty?
12        MR. REIDLE:  Yes.
13        THE COURT:  Mr. Kelleher, on behalf of the United
14 States, do you have any other record under Rule 11 that you think
15 I need to make?
16        MR. KELLEHER:  No, Your Honor.
17        THE COURT:  Ms. Johns, on behalf of the defendant, do
18 you have any other record under Rule 11 that you think I need to
19 make?
20        MS. JOHNS:  No, sir.
21        THE COURT:  I will recommend that the plea of guilty be
22 accepted, and I will order a Presentence Investigation to be
23 conducted by the Probation Office.  Mr. Reidle, the Court has not
24 received anything which indicates that you have not been
25 compliant while you've been released on bond.  Therefore, you're

1  going to be released on the same conditions that were previously
2  imposed.
3          MR. REIDLE:  Yes.
4          THE COURT:  Good luck to you, sir.  With that, we'll be
5  in recess.
6          MS. JOHNS:  Thank you, Judge.
7                  (Court Adjourned at 2:40 p.m.)

1
2
3
4
5
6
7
8
9      I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the
10 above-entitled matter.
11
12     <u>/s/ Lissa C. Whittaker</u>     <u>October 9, 2015</u>
     Signature of transcriber     Date
13
14
15
16
17
18
19
20
21
22
23
24
25